## THOMAS SHEARER *versus* MOSES RANGER.

An inchoate right of dower is an existing incumbrance on land, within the meaning of the covenant against incumbrances.

THIS was an action of covenant broken, founded upon the alleged breach of a covenant against incumbrances, which was contained in a deed from the defendant to the plaintiff, dated the 2d of September, 1836.

By an agreed statement of facts it appeared, that the defendant derived his title to the premises conveyed to the plaintiff, by a deed from Rodolphus Anderson ; that Anderson, at the time of his conveyance to the defendant, had a wife, who was still living at the time when the present action was commenced, and had not then released her dower in the granted premises ; that Anderson and his wife, on the 17th of August, 1837, jointly executed a deed of release of her right of dower to the plaintiff, for the consideration of one dollar paid by him ; and that the plaintiff had never been disturbed in his possession of the premises.

If the Court should be of opinion, that the action could not be maintained, the plaintiff was to become nonsuit ; otherwise judgment was to be entered in his favor, and damages assessed at one dollar.

*Wells* and *Davis*, for the plaintiff, cited *Wood* v. *Stratton*,  *Sept. 27th* decided in this county, in 1819, not reported ; *Porter* v. *Noyes*, 2 Greenleaf, 22 ; 2 Hilliard's Abr. 394 ; *Estabrook* v. *Hapgood*, 10 Mass. R. 313.

*Grennell* and *Brainard*, for the defendant. In *Powell* v. *Monson and Brimfield Manuf. Co.* 3 Mason, 355, *Story* J. observes, that " a possibility of dower is not, within the sense of the covenant, an incumbrance, for that means a settled, fixed incumbrance." An inchoate right of dower, is a mere possibility of incumbrance, too remote and uncertain to be regarded by the law.

Suppose a man sells land, after it has been attached, such attachment is not an incumbrance, within the meaning of the covenant against incumbrances, during the pendency of the action ; but if the plaintiff in such action recovers judgment, the

Shearer
v.
Ranger.

attacnment then becomes an incumbrance. So a right of dower does not become an incumbrance until the death of the husband. Suppose a petition is presented to the county commissioners for a road over certain land, is that an incumbrance during the pendency of the petition ? If an inchoate right of dower were really an incumbrance, there would be some mode of estimating its value, and of extinguishing it. It is not every thing which depresses the value of real estate, that is to be deemed an incumbrance ; and that circumstance cannot be deemed a test. *Prescott* v. *Trueman*, 4 Mass. R. 630 ; *Barnard* v. *Fisher*, 7 Mass. R. 71 ; *Marston* v. *Hobbs*, 2 Mass. R. 437.

*April term 1840, in Franklin.*

WILDE J. drew up the opinion of the Court. The only question presented by the statement of facts in this case is, whether an inchoate or contingent right of dower is an existing incumbrance, amounting to a breach of a covenant against incumbrances. We had thought that this question had been settled affirmatively ; but as a doubt was suggested by *Story* J., in the case of *Powell* v. *Monson, &c.* 3 Mason, 355, we have taken time to look into the authorities on this point.

The case of *Wood* v. *Stratton* was cited by the plaintiff's counsel, in which it was said this question had been decided affirmatively by this Court. That case was not reported ; but we have examined the pleadings in the case, and we find that the question was raised and so decided. The question has been decided in the same way in New York and in Maine. Such was the decision in *Jones* v. *Gardiner*, 10 Johns. R. 266, and in *Porter* v. *Noyes*, 2 Greenl. 27. In the latter case the question was argued by able counsel ; and it was objected then, as it has been in this case, that an inchoate right of dower is a mere possibility of incumbrance, too remote and uncertain to be regarded by the law. The objection was overruled, and, as we think, according to the true meaning of the covenant against incumbrances. That covenant ought to be liberally construed, so as to extend to all claims and liens, whether contingent or not. In *Prescott* v. *Trueman*, 4 Mass. R. 627, 't was held, that a paramount right is an incumbrance, although perhaps it might never be enforced against the grantee. And it is remarked by *Parsons* C. J., in delivering the opinion of

the Court, that "the law thus settled will be generally conven-
ient.  For if we are mistaken in the law, the grantee can have
no remedy on the usual covenants in our deeds of conveyance,
until he is evicted.  In the mean time he may be unwilling to
make improvements ; and when he is evicted, the grantor may
be unable to make him any compensation."

This reasoning is applicable to all incumbrances depending
on a future contingency ; and it is founded on the principle,
that the usual covenant, in deeds of conveyance, against in-
cumbrances, extends to all adverse claims and liens on the es-
tate conveyed, whereby the same may be defeated, wholly or
in part, whether the claims or liens be uncertain and contingent
or otherwise.  The beneficial interest which a mortgagee has in
an estate mortgaged, for the purpose of securing him against
future liabilities, or for future advances, is uncertain and contin-
gent, but such a mortgage is undoubtedly an incumbrance.  And
so is an attachment, although depending on many contingencies.
It has been argued, that an attachment is not an incumbrance,
within the meaning of the covenant against incumbrances ; and
the case of *Barnard* v. *Fisher*, is relied on as establishing this
principle.   But that case only decides, that where there are
two attachments on real estate, and the second attaching credi-
tor extends his execution on the estate before judgment is ren-
dered in the suit wherein the previous attachment had been
made, the appraisers would not be authorized to deduct from
the appraised value of the land, the supposed amount of he in-
cumbrance from the previous attachment.   The proper course
in such a case is, for the second attaching creditor to continue
his action until the suit, on which the prior attachment was
made, is concluded.   And that would be the proper course to
pursue, if an action were brought for the breach of a covenant
against an incumbrance, by an attachment of the estate convey-
ed before the conveyance.   But there is no necessity of any
·such delay as to other incumbrances, especially where the plain-
tiff is only entitled to nominal damages.   The only question
therefore in this case is, whether an inchoate right of dower is
an incumbrance, and we have no doubt, for the reasons given,
and on authority, that it is.

*Judgment for the plaintiff.*