## MARTIN *v.* MERRITT.

SUPREME COURT.—*Practice.*—*Pleading.*—*Demurrer.*—*Harmless Error.*—Error in sustaining a demurrer to a paragraph of a pleading is not available on appeal to the Supreme Court, where the matter therein alleged was admissible and admitted in evidence, on the trial of the cause, under a remaining paragraph.

SPECIFIC PERFORMANCE.— *Vendor and Purchaser.*—*Action by Vendor.*—*Pleading.*—*Tender.*—*Contract.*—In an action by the purchaser, against the vendor, to enforce specific performance of a contract for the sale and conveyance of real estate, the complaint need not aver a tender of performance by the plaintiff, if there be an averment therein that the defendant had expressly repudiated the contract, and notified the purchaser that all tender upon his part was waived by the vendor.

SAME.—*Husband and Wife.*— *Wife's Refusal to Convey.*—*Decree of Performance.*—*Abatement of Price.*— *Wife's Interest.*—In an action against a husband and wife, to enforce specific performance of a contract for the sale and conveyance of his real estate, executed by them to the plaintiff, if the

wife avail herself of her coverture by plea, a decree of performance may nevertheless be rendered against the husband, conditioned, that, if the wife join in such conveyance, the plaintiff shall pay the full contract price therefor, but that otherwise such payment shall be abated to the amount of the ascertained value of the wife's inchoate interest in such real estate.

SAME.—*Dower.*—*Evidence.*—Where, in such case, the evidence and finding are as to the value of her inchoate right of dower, the defendant can not complain of an abatement equal to such value.

SAME.—*Deferred Payments.*—*Promissory Note.*—Where such contract provides generally for deferred payments of portions of the purchase-money, the vendor can not demand the execution of promissory notes therefor, payable in bank.

SAME.—*Purchaser's Option.*—*How Declared.*—Where such contract provides that the purchaser may accept the same within a specified time, at his option, an endorsement on the contract, executed by him, that he has accepted the real estate on the terms proposed, is a valid declaration of his option.

From the Marion Circuit Court.

*L. Barbour* and *C. P. Jacobs*, for appellant.

*B. K. Elliott, B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellee.

PERKINS, C. J.—Complaint by appellee, against appellant, for a specific performance of the agreement copied below.

The complaint contains an accurate description of the property, alleges performance, and offers of performance, tender, etc., and refusal on the part of appellant, showing a right, on the part of the appellee, to the relief demanded. Answers were filed, issues made, a trial had, and a decree in favor of appellee was rendered. Appellant's wife was made a defendant to the suit, but went out of the case on an answer of coverture.

The following are the contracts:

" EXHIBIT A.

" INDIANAPOLIS, Feb'y 2d, 1872.

" This agreement, made this 2d day of Feb'y, 1872, between John H. Martin and wife, of the first part, and Geo. Merritt, of the second part, Witnesseth; that John

H. Martin and wife agree to sell to Geo. Merritt the farm he now lives on and owns in Centre Township, Marion County, Indiana, about thirty-three acres, more or less, for the sum of twelve thousand dollars, to be paid as follows: Three thousand dollars to be paid at the time this agreement is accepted by the said Geo. Merritt, and three thousand dollars a year, each year thereafter, until the whole twelve thousand dollars is paid, with interest at the rate of six per cent. per annum, on the deferred payments. This agreement to be binding for twenty days, said Geo. Merritt to have the option to the farm, at the price and terms named, at any time within twenty days from this date. But it is also agreed by said George Merritt, that if he shall take the farm at the price named, said J. H. Martin shall have the privilege of occupying house and out-houses and barn on said farm, and so much of the garden and orchard of the farm as he may need for his family, and pasture for his stock, until September 1st, 1872, by paying said Geo. Merritt a reasonable rent for such property, and it is further agreed, that if said J. H. Martin shall decide to give possession of the property on the 1st of April next, said Geo. Merritt agrees to take the lease which said J. H. Martin now holds on the farm now known as the Thomas & Cox farm, and assume all liabilities of the same, as said Martin now holds, and pay said Martin one hundred and fifty dollars for the same, said transfer of lease to be at the option of said J. H. Martin, for twenty days from this date. If said Geo. Merritt shall take the farm in accordance with the terms of this agreement, said J. H. Martin and wife agree to make him a good and sufficient warranty deed to the property, without unnecessary delay, and he further agrees to pay the taxes for 1871; Geo. Merritt to pay the taxes for 1872. It is further agreed, that said Geo. Merritt shall have the privilege of entering upon the premises named, at any time after he accepts this proposition, to make any im-

provements in the way of building or change of fences, for street or other purposes, that he may choose.

(Signed.)                    " JOHN H. MARTIN,
                             " HARRIET MARTIN,
                             " GEO. MERRITT."

" EXHIBIT B.

" This proposition is extended for ten days after the expiration of the first twenty days mentioned therein. Feb'y 19th, 1872.

(Signed.)                    " JOHN H. MARTIN,
                             " HARRIET MARTIN,
                             " GEORGE MERRITT."

" EXHIBIT C.

" I have agreed to take the farm on the terms proposed, this 2d of March, 1872.

(Signed.)                    " GEO. MERRITT,
                             " JOHN H. MARTIN."

No demurrer was filed to the complaint.

The appellant answered in three paragraphs:

First. The general denial.

The second alleged a withdrawal of the proposition. A demurrer was sustained to it, and it went out of the case.

The third alleges that said pretended agreements were but one and the same; that the first was but a mere proposition for sale, and could be withdrawn at any time before acceptance by appellee; that before it was accepted by appellee, it was varied by parol, so as to give appellant the option of selling but a part of said farm; the terms of payment changed, and the time for accepting the contract as changed extended for ten days; appellant further says, he was ready and offered to fulfil the contract, and perform the same according to the terms of the parol modification, but appellee refused, etc.; that afterward, on account of the said action of the appellee, said Harriet determined to have no further participation in the sale, etc.

A demurrer was overruled to this paragraph of answer.

The appellee replied in three paragraphs:

First.    The general denial.

Second.    That the propositions were not withdrawn, as alleged in said paragraphs, nor such new agreements, as therein alleged, made.

The third paragraph of reply was this:

"That the agreements in the complaint set out are not one and the same agreement, and that the agreement dated February 2d, 1872, is the first agreement made between the parties; that the agreement dated February 19th, 1872, was made on that date; and on the 2d day of March, 1872, the agreement bearing that date was made and signed by the parties.    That at the time of the execution of the last mentioned agreement, to wit, that set out in the complaint as 'Exhibit C,' the entire transaction between the said parties was fully agreed upon as evidenced by the said written agreement.

"That prior thereto the plaintiff had agreed with the defendants to take the real estate in said several agreements mentioned, and had so notified the said defendants, and had duly offered to perform his part of the said contract.

"That the said parties, in evidence of the acceptance and completion of the agreements between them, did both sign and execute the aforesaid agreement of March 2d, 1872, and that prior thereto there was no withdrawal of the written propositions theretofore made by the said defendants.

"The plaintiff further avers, that the only agreement existing between the parties to this action, or at any time executed by them, was and is that contained in the said several written agreements hereinbefore mentioned; and that the said last mentioned written agreement, to wit, that of March 2d, 1872, was executed in consideration of the promises and undertakings in the first agreement, to wit, that of February 2d, 1872, by the defendants made, and that it was executed for the purpose of

completing a written contract of, and covering the matters agreed upon and mentioned in the said first written, agreement, and for no other purpose, and upon no other consideration."

The pleadings set forth above present the issues upon which the cause was tried, and the decree therein rendered.

As above stated, a demurrer was sustained to the second paragraph of answer, and exception was taken.

Error is assigned upon this ruling on the demurrer.

Of the ruling upon the demurrer to this paragraph of answer, counsel say:

" The demurrer to the answer would go back to the complaint, and we think the complaint was clearly bad for not offering a tender of the first payment without demanding a deed. The first payment and the execution of a deed are not made concurrent acts by the agreement. The purchaser was bound to make the first payment without a deed, but he made no such offer. Hence, the complaint is bad."

But if the complaint does not aver a tender, it shows a sufficient excuse for not making it. We copy a statement: " The plaintiff shows, that at all times he has been ready and willing to perform his part of the said contract, and that he, at divers times, both prior and subsequent to the 2d day of March, 1872, so notified the defendants; and that subsequently to the said 2d day of March, 1872, the defendants did expressly notify the plaintiff that they waived all tenders upon the part of the plaintiff; and did expressly inform the plaintiff that they would refuse to execute any deed, and that they would not perform their part of said agreement." And as to the paragraph of the answer as a defence, we think all evidence that could have been given under it would have been admissible under the other paragraphs of answer, and was, in fact, so far as it existed, admitted. The error, if

error it was, in ruling upon this paragraph of answer, was a harmless one.

The remaining error assigned is, the overruling of the motion for a new trial.

As has already been stated, this was a suit brought by George Merritt, the appellee, against John H. Martin and Harriet Martin, his wife, to enforce specific performance of a contract in writing to convey real estate. There was judgment in favor of Harriet Martin, on her answer of coverture, a trial by the court, and a finding for plaintiff, and a decree that defendant John H. Martin should "make, execute, acknowledge, and deliver to plaintiff a good and sufficient warranty deed for the said real estate." And if the said Harriet, the wife of defendant John, should sign the deed also, then the full sum of twelve thousand dollars, as called for in the contract, should be paid over to defendant John, but if the said Harriet should refuse to sign the deed, then two thousand eight hundred dollars should be deducted from the contract price.

On the trial, the court permitted proof by the testimony of an expert, in connection with standard tables, of the present value of the inchoate right of dower of Harriet Martin. The appellant excepted, and made this action of the court one of the grounds upon which he moved for a new trial. This ruling and exception raise the main question in the cause; for the reason that the appellant insists it was not a fact legally provable on the trial. He takes the position, that, because of the refusal of the wife to join in the execution of the contract, no specific performance could be had against the husband; and, therefore, that the action of the court was fundamentally wrong.

On this point, the decisions in this State are against the appellant: *Wilson* v. *Brumfield*, 8 Blackf. 146; *Wingate* v. *Hamilton*, 7 Ind. 73; *Hazelrig* v. *Hutson*, 18 Ind. 481; *Baker* v. *Railsback*, 4 Ind. 533. And we think these

decisions are sustained by the weight ot authority elsewhere. *Park* v. *Johnson*, 4 Allen, 259; *Presser* v. *Hildenbrand*, 23 Iowa, 483; *Wright* v. *Young*, 6 Wis. 127; *Sanborn* v. *Nockin*, 20 Minn. 178.

But it is insisted, that if there be a general rule that specific performance may be decreed as to a part, with an abatement or compensation for the deficiency, the rule does not embrace cases where the interest that can not be conveyed is an inchoate dower right.

As matter of fact, we find the rule is applied in such cases. *Wright* v. *Young*, 6 Wis. 127; *Park* v. *Johnson*, 4 Allen, 259; *Presser* v. *Hildenbrand*, 23 Iowa, 483.

But, in this State, dower is abolished, and in place of dower our statute substitutes a fee, so that, in this State, an inchoate right to one-third in fee takes the place of the common-law inchoate right to a life-estate in one-third of the realty. The inchoate right to a third in fee is of more value than the inchoate right to dower. But abatement was made in this case of the value of a dower right, so that the error was in favor of the appellant.

A question is made as to whether, under the contract, the purchaser was bound to give commercial paper (notes payable in bank) for deferred payments. We are clear that he was not.

On the evidence, we think the decree rendered is in accordance with its weight. The endorsement on the agreement, March 2d, was the declaration of option by Merritt, under the original agreement. The abatement made for the interest of the wife was less than one-fourth of the contract price. The ages of Martin and wife are these: He is fifty-nine, and she is thirty-nine.

Judgment affirmed, with costs.

Petition for a rehearing overruled.