J. W. BETHELL v. J. T. McKINNEY AND A. D. IVIE.

(Filed 3 December, 1913.)

1. Appeal and Error—Pleas in Bar.

Where specific performance of a contract to convey land is
resisted upon the ground that the proposed grantor is a married
man whose wife will not join in the conveyance, an appeal from
a decree of performance and the payment into court of the
agreed purchase price abated to the extent of the value of the
wife's dower, to be subsequently ascertained, is in the nature of
an appeal from a plea in bar, and presents an exception to the
general rule which requires the entire case to be passed upon
before the appeal will be entertained.

2. Deeds and Conveyances — Contracts to Convey — Husband and
Wife—Dower—Valuation—Abatement—Judgments.

The contingent dower interest of the wife in the lands of her
living husband is capable of being valued, and where she refuses
to join her husband in a deed to his lands, which he has con-
tracted to convey, and resistance to making the conveyance is
based thereon, a decree in an action by the vendee for specific
performance, that the vendor convey the land at the agreed price
to be reduced by the value of the wife's dower, is a proper one.

**3. Deeds and Conveyances—Husband and Wife—Dower—Warranties —Encumbrances.**

    The inchoate right of dower of the widow in the lands of her living husband, while not an estate in his lands, is such an · encumbrance on the title as is contemplated in the usual covenants and warranties against encumbrances contained in a deed to the fee.

**4. Deeds and Conveyances—Definite Tract of Land—Acreage—Purchase Price—Abatement.·**

    Where a definite tract of land has been contracted to be sold, in the absence of fraud and false representations, the purchaser is not entitled to an abatement in the price because of a shortage in the acreage as represented, where the quantity of the land has not been guaranteed or warranted.

APPEAL by defendant from *Cooke, J.,* at June Term, 1913, of ROCKINGHAM.

*H. R. Scott, King & Kimball for plaintiff.*

*A. L. Brooks, P. W. Glidewell, and C. O. McMichael for defendants.*

CLARK, C. J.   On 5 April, 1912, the defendants executed a contract to sell to the plaintiff "the farm known as the J. T. McKinney place, lying on the Reidsville-Lawsonville road, about 2 miles from Reidsville, N. C., at the price of $8,000, including the crop now on said land, said farm containing 375 acres, more or less," and stipulated, "the deed to be executed to said Bethell is to contain the usual covenants of warranty and the property relieved of any and all encumbrances now subsisting. Said land adjoins C. H. Overman, Mrs. John Harrison, W. C. Harris, and others."·

This action was brought for specific performance.   The defendant J. T. McKinney answered that he had tendered a fee-simple warranty deed for his interest in the said land; that he is a widower, and that there is no lien or mortgage upon his interest in said property, which allegation is admitted in the reply.

The other defendant, Ivie, answered, alleging that he is and has always been willing to execute to the plaintiff a fee-simple warranty deed covering the tract described in the contract, but

that the plaintiff refused to accept the same; that his wife is unwilling to join in said deed, and that the plaintiff knew at the time of the contract of sale that the defendant Ivie was a married man, and that his wife was entitled to a contingent dower in the land, and that the plaintiff knew that the contract did not stipulate for her joinder in the deed; that there is a mortgage upon his interest in the land for the purchase money, but that the plaintiff understands that the amount thereof is to be deducted from the purchase money to be paid by him.

Upon motion by the plaintiff for judgment upon the pleadings, the court decreed:

1. That the defendants should execute "a good and sufficient deed in fee simple to the lands described in the contract, with the usual covenants, and relieved of all encumbrances thereon, and conveying said land by metes and bounds upon the plaintiff paying into court the contract price of $8,000, with interest from 5 April, 1912, to be abated:

(*a*) By the full net market value of the rents and profits of the 1912 crops grown on said lands, and by the full net market value of the rents and profits of the 1913 crops growing on said lands;

(*b*) By a sum proportionate to the net deficiency in acreage between 375 acres, the amount in acreage contracted to be conveyed, and the amount in acreage which a survey ordered of the lands described in the pleadings shall establish;

(*c*) By the amount, with interest, of any valid subsisting lien or liens of record or otherwise, which in any manner might be asserted against said lands or against the title thereto in priority to the title decreed to be conveyed to the plaintiff and his assigns;

(*d*) By the present value of the inchoate right of dower of the wife of the defendant A. D. Ivie, as damages or equitable compensation for failure of title to that extent, unless defendant Ivie shall in the meantime procure said deed to be executed by his wife with her private examination.

The court further decreed that the defendant A. D. Ivie make reasonable effort to procure his wife to join him in the execution

of the deed with her privy examination, and, further, that on her failure to join, there should be submitted for determination by the jury at the next term the following issues:

(1) The value of the rents and profits of the lands for the year 1912 and for the year 1913.

(2) The present value of the inchoate right of dower of the wife of the defendant A. D. Ivie in his interest in the lands.

(3) That there should be a survey to determine the acreage, with a view to the abatement of the price. The defendants excepted to this judgment.

The ascertainment of these issues might have been made before the appeal was taken, so that the whole case should come up from the final judgment. But the defendants do not object on the ground that this is a premature appeal and ask that the points involved shall be decided. In this case the points decided are really in the nature of pleas in bar which may well be passed upon before the matters necessary for an accounting are submitted to ascertainment by a referee or a jury. *Royster v. Wright,* 118 N. C., 152, and cases there cited. Where there is a plea in bar, it presents an exception to the general rule which requires the entire case to be passed upon before the court will consider the appeal.

There is no controversy as to the tract of land that was agreed to be conveyed, nor as to the price. There are but two points of difference. The plaintiff contends that he is entitled to have the wife of the defendant Ivie join in the deed or that he answer in damages by way of abatement for the estimated value of her contingent right of dower, and that he is entitled as against both defendants to an abatement in the price on account of a shortage of 70 acres, because, as he alleges, there are only 305 acres of land, instead of 375.

As to the first matter of difference, it is not denied that at the time of the execution of the contract the plaintiff knew that the defendant Ivie was a married man, and it is admitted that his wife is still living. Under the terms of the contract before us, the plaintiff is entitled to an abatement of the purchase price of the land on account of the dower right of the wife of the de-

fendant Ivie. The defendants agreed "to make and deliver a deed to said lands. The deed is to contain the usual covenants of warranty and the property relieved of any and all encumbrances now subsisting." The language in the contract, "all encumbrances now subsisting," includes an inchoate right of dower, because the defendants contracted to relieve the land of the encumbrances.

It is settled in this State that inchoate dower is an encumbrance. In *Gore v. Townsend*, 105 N. C., 228, the Court says: "Although therefore, an inchoate right of dower cannot be properly denominated an estate in land, nor indeed a vested interest therein, and notwithstanding the difficulty of defining with accuracy the precise legal qualities of the interest, it may, nevertheless, be fairly deduced from the authorities that it is a substantial right, possessing in contemplation of law the attributes of property, and to be estimated and valued as such. It has many of the incidents of property. It has a present value that can be computed. It is a valuable consideration for a conveyance to the wife. The wife may maintain an action for its protection. She may file a bill or bring an action for the redemption of a mortgage covering it. It has been repeatedly declared by the courts 'an encumbrance within the meaning of the usual covenants in a deed.'"

In *Trust Co. v. Benbow*, 135 N. C., 303, at 311: "As dower was a humane provision for the sustenance of the widow and younger children, some limit was imposed on the power to defeat its consummation. Yet, while not technically an estate, it cannot at this day be denied that inchoate dower is a valuable interest in land. It is an interest which the courts have repeatedly recognized. Its presence works a breach of the covenants against encumbrances."

The last utterance upon the subject is in *Fishel v. Browning*, 145 N. C., 71, where *Connor, J.*, speaking for a unanimous Court, says: "It is well settled that the right of dower is such an encumbrance upon land as works a breach of covenant against encumbrances."

The case of *Fortune v. Watkins,* 94 N. C., 304, upon which the defense mainly rests, is not in point, because an examination of the original record in that case discloses that there was no, stipulation in the contract then before the Court against encumbrances.

Again, nothing can be found in the opinion in the *Fortune case* supporting the contention of defendant except the quotation from Pomeroy, and that does not deal with a contract covenanting against encumbrances, and immediately following the quotation is the statement by the Court that, "While this is said of a vendee seeking to have the vendor's contract executed, and does not apply to a case where the relation of the parties is reversed, and relief is demanded by the vendor against the vendee, it nevertheless asserts a proposition not altogether foreign to the present controversy. The present action looks to a judicial appropriation of property in the hands of a creditor, retained as security for his debt contracted in the purchase, to the discharge of the debt, if necessary."

The *Fortune case* is cited in *Farthing v. Rochelle,* 131 N. C., 563, and in *Rodman v. Robinson,* 134 N. C., 504, in support of the proposition that the wife cannot be compelled to join in the conveyance of her husband, which is not doubted. The authorities elsewhere sustain our position. In *Shearer v. Ranger,* 39 Mass., 447, it was decided that, "An inchoate right of dower is an existing encumbrance on land, within the meaning of the covenant against encumbrances."

*Townsend v. Blanchard,* 117 Iowa, 41, holds that, "the plaintiff should have specific performance for the residue of the land, under either contingency suggested, by paying $1,100, the value found by the referee as the contract price, less the amount of any unsatisfied mortgage lien there might be resting upon it, and also less the $200 already paid on the purchase money at the time the contract was made, and also less the wife's contingent dower right."

*Martin v. Merritt,* 57 Ind., 41, says: "But it is insisted that if there be a general rule that specific performance may be decreed as to a part, with an abatement or compensation for the

deficiency, the rule does not embrace cases where the interest that cannot be conveyed is an inchoate dower right. As matter of fact, we find the rule is applied in such cases. *Wright v. Young,* 6 Wis., 127; *Park v. Johnson,* 4 Allen, 259; *Presser v. Hildebrand,* 23 Iowa, 483."

In *Wright v. Young,* 6 Wis., 127: "In the present case there is nothing to show that the wife is unwilling to relinquish her right of dower in the premises, and we do not feel authorized from the proof to presume that to be the fact. She may be entirely willing to sign the deed and release her dower upon being requested so to do by the husband; but if she should refuse to release her dower, we are unable to see any good or satisfactory reason for denying the complainant a proper compensation for the right of dower left outstanding. What argument can be advanced to show that an abatement or equivalent should not be made in this case, which would not be equally cogent and weighty in any case where the vendor's interest is less than what he professed to sell? Dart on Vendors, 501. There can be no doubt but the title of the vendee is defective, while the inchoate right of dower is left outstanding. If the wife should survive the husband, the vendee's title might be partially defeated by her taking a life estate in one-third of the premises. In *Shearer v. Ranger,* 22 Pick., 447, it was held that an inchoate or contingent right of dower was an existing encumbrance amounting to a breach of the covenant, which extends to all adverse claims and liens on the estate conveyed, whereby the same may be defeated in whole or in part, whether the claims or liens be uncertain and contingent, or otherwise. Rawle on Covenants, 136 *et seq.,* and cases cited by him. We therefore conclude that in the present case the vendee can enforce a performance of the contract, and take such a title as the vendor can give, and have an abatement of the purchase money for the right of dower left outstanding. Some question has been made as to whether the value of this dower interest could be accurately calculated. There can be no difficulty, however, in ascertaining what this reversionary interest is worth." Also, *Porter v. Noyes,* 2 Greenl., 27; *Presser v. Hildebrand,* 23 Iowa, 483; *Jones v. Gordon,* 10 Johns., 266.

In 36 Cyc., 744, many authorities are cited in support of the text. "The usual rule as to specific performance with abatement from the price is applied in many of the States to the case of purchase from a married man whose estate is subject to his wife's inchoate dower right. The purchaser may have specific performance, with a deduction from the price of such sum as represents the present value of the wife's contingent interest estimated by the usual rules and tables."

We are, therefore, of opinion that his Honor held correctly that the plaintiff is entitled to an abatement of the purchase price to the extent of the value of the dower right. It is true, there is a double contingency that the wife may not survive her husband and the expectancy as to the life of each, but there are tables of calculations which can be used as a basis for the jury in estimating the value of the contingent interest of the inchoate right of dower.

The other exception is to decreeing an abatement by reason of the alleged shortage in the acreage. As to that, the law in this State is well settled. In *Smathers v. Gilmer,* 126 N. C., 757, the Court held that where a definite tract of land was sold, or contracted to be sold, in the absence of fraud and false representation, a party purchases the tract agreed upon, and, in the absence of a guarantee as to quantity, is entitled to no abatement if there is a shortage, nor is the vendor entitled to an addition to the price if there is an excess.

In that case, as in this, the sale was of a solid body of land, and not by the acre. The definition was, "containing 500 acres, more or less." It turned out on survey that there were only 262 acres; but the court allowed the purchaser no abatement, because he could have protected himself by examination or survey, or he could have required a covenant as to the number of acres, citing *Walsh v. Hall,* 66 N. C., 233; *Etheridge v. Vernoy,* 70 N. C., 713, and cases there cited. *Smathers v. Gilmer, supra,* has been cited with approval in *Stern v. Benbow,* 151 N. C., 462. It would be otherwise if there was a covenant as to the acreage or if the purchase was by the acre and not for a definite tract of land as to which sources of information were open to both parties.

For the error pointed out the judgment must. be modified. The costs of this appeal will be divided.

Modified.