NASiJ, J.
 

 The dethnduiits litivo taketi no evidence to
 
 *591
 
 sustain the allegations of their answer. Among the papers of the cause, we find copies of what are stated to be the guardian bond, given by Hicks in 1821 and also in 1827. These papers are certified by the clerk of Rutherford County Court, as copies of the bonds filed in his office. We know of no law authorising the clerk to
 
 certify
 
 any paper, and thereby authenticate it, under his private seal. These papers do not profess to be authenticated, as records, under the seal of the court.— A guardian bond is not a record, and, before tt can be used as evidence in any case, it must be proved like all other papers of a similar kind, by ihesubscribingwituess, if there be one. The bill states, there were several other guardian bonds, given by Berryman Hicks, but it docs not tell, whether the sureties to them were or were not the same with those, who executed the bond of 1S23. The defendants allege they were different, but have furnished us with no proof of ihe fact.
 

 The same answer may be given to the protection sought by the defendants under the statute of limitations. The answer does not set forth when the children came of age, nor is the defective statement aided by anything in the bill, nor is there any evidence on the subject. The main, indeed the only, question raised in the case is, as to the right of the plaintiffs to come into this court to set up against the defendants a bond, which is shown by the bill, and admitted by the answer, to be void at law. This question was decided by this court in all its length and breadth, in the case of
 
 Armstead’s Administrators
 
 against
 
 Bozman and
 
 others, 1 Ired. Eq. 123. In that case,as in this, the plaintiff rested his equitable right upon the alleged fact that the bond executed by the parties was intended by them to be a good and valid bond, but through a mistake it was rendered void at law, and, for precisely the same reason that some of the obligors were likewise obligees. Notwithstanding this objection, the bond was by the court set up and the sureties held liable under it. on the 'ground that it was a clear mistake in matter of fact. The same doctrine is held in the case of
 
 Crosby
 
 against Middleton, Precedents in Chancery, 309. We consider the principle as settled, that where the
 
 *592
 
 intention is manisfest, a Court of Equity will always relieve ~a§ainst mistakes in agreements, as well in the ease of a surety as of others.
 
 Weser and
 
 Blakely, 1 John. Ch. Rep. 607. — . plaintiffs are entitled to the relief they ask.
 

 It is further stated in the answer, that the last guardian* George Blanton, recovered a judgment against Hicks, and that by the sale of the property of the latter, a part of the judgment was discharged, and the whole would have been paid by Hicks, if Blanton had taken out a
 
 ca. sa.
 
 against him, as he was requested to do. It is sufficient to say, this is a matter which does not affect the right of the plaintiffs to call upon the defendants, nor do the defendants furnish any evidence of their allegation. Before the master, when the accounts are taken, the defendants will be at liberty to show any payments, which have been made by Hicks, or raised out of his property.
 

 Unquestionably, all the sureties of Berryman Hicks, whether parties to the same bond orto different bonds, ought to have been made parties to this suit, that the court, in its final decree* might have adjusted the loss between them. As the case stands, we do not know that there are any other persons interested in the matter, but those who are before the court. The only effect, however, will be to throw the whole burthen in the first instance on the defendants, leaving them to their remedy against the sureties to the other bonds, if there be any.
 

 The case must be referred to the master to take an account of the éstate belonging to the plaintiffs, which came to the hands of their guardian, Berryman Hicks, and of his administration of the same,
 

 Per Cur tam, Decreed accordingly.