F. S. ROYSTER, Administrator, &c., of O. C. FARRAR v. M. O. WRIGHT, Executrix of GEO. B. WRIGHT.

*Action for Accounting—Reference—Appeal—Practice— Judgment of Clerk, Validity of.*

1. When a plea in bar is interposed to an action for accounting, a reference cannot be made until the plea has been finally determined.

2. An appeal from a judgment sustaining a plea in bar is not premature, inasmuch as the plea puts in issue the cause of action and it would be useless to incur costs and delay if the plea is sustained.

3. Where an executrix, on filing the final account of her testator as executor, moved for an allowance of commissions due her testator, and thereafter, on Dec. 4, 1894, her counsel and opposing counsel agreed to continue the matter to a date to be agreed upon between them, and no date was ever agreed upon, and the plaintiff, being dissatisfied with the account, began an action on February 9, '95 to impeach it; and on 23rd February, '95, the clerk, at instance of the counsel for the defendant executrix, notified the parties that he would, on March 4, '95, resume the hearing of the motion for such allowance and requested information as to the items on which commissions were objected to, and plaintiff and his counsel failing to attend said hearing, the clerk entered judgment allowing the commissions; *Held,* that the suit begun by plaintiff on February 4, '95, was notice to the clerk that the plaintiff would pursue his remedy under *The Code,* and the judgment of the clerk was void.

CIVIL ACTION, pending in EDGECOMBE Superior Court, and heard before *Boykin, J.,* at Fall Term, 1895, upon motion for reference, &c. The motion was refused and plaintiff appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. H. G. Connor* and *Staton & Johnston,* for plaintiff (appellant).

*Messrs. Shepherd & Busbee* and *Gilliam, Parker* and *Munroe,* for defendant.

FAIRCLOTH, C. J. :   This action is brought by the plaint-iff administrator d. b. n. c. t. a. of O. C. Farrar against the defendant executrix of George B. Wright, the original executor of said Farrar, for an account and settlement of the estate of Farrar.   The original executor filed some annual returns of his administration with the clerk, and the defendant executrix filed a final return on the 21st of November, 1894, and it appeared that the defendant had been allowed $11,500 as commissions.   The executrix moved for the allowance of commissions due her testator, before the clerk, which we understand to be in addition to those already allowed, and counsel of the parties voluntarily met before the clerk on the 4th of December, 1894, and entered into some discussion as to the items " on which a commission in law is not to be allowed.   It was thereafter agreed between counsel that the matter should stand continued to some date to be agreed upon by the parties." No other date was ever agreed upon, and neither the plaintiff nor his counsel attended any other meeting or conference.   On February 23, 1895, at the instance of defendant's counsel the clerk issued a notice to the parties that on the 4th of March, 1895, he would resume consideration of the application of the executrix for the allowance of commissions to her testator, with a request to the parties to indicate the items on which commissions should not be allowed.   The plaintiff failed to attend, nor did his counsel attend, and on March 13, 1895, " after careful examination of the several accounts filed " the clerk allowed certain commissions and rendered judgment in the absence of the plaintiff and his counsel in favor of the defendant executrix against the plaintiff for $3,187.27 and interest from the 22d of November, 1894.

The plaintiff, being dissatisfied with the account filed on February 9, 1895, instituted this action to have an account of the administration stated and to impeach the accounts filed, and for a reference (*Code*, Sec. 1511), and filed his complaint. The defendant answering the complaint pleaded specially that the accounting and judgment of the clerk above set out are a bar to the plaintiff's cause of action. At the trial term the motion for a reference was denied, the court being of opinion that the plea in bar was to be first tried. The motion was heard by the court upon an inspection of the pleadings and the clerk's record as above recited, and "said motion was refused as to all matters and things adjudicated by the clerk _____ the court being of opinion that said adjudication constituted a plea in bar as to them, and the judgment was rendered as set out in the record." Plaintiff appealed from the order refusing a reference and from the judgment rendered. This is the only question we have to consider.

We were told on the argument that this appeal was premature—that an exception should have been noted and made available on appeal from the final judgment. How the plaintiff was to proceed to final judgment, in the face of the above ruling and judgment, was not explained. Prior to *The Code*, this Court had held that where matters in bar of the right of action were well pleaded, the plea must be tried and determined before any reference to the master. *Dozier* v. *Sprouse*, 1 Jones Eq., 152; *Douglass* v. *Caldwell*, 64 N. C., 372. *The Code,* Sec. 548, expressly allows an appeal from every judicial order or determination which in effect determines the action and prevents a judgment, from which an appeal might be taken. The defense of a special plea in bar puts

in issue the cause of action, and it would be useless to incur costs and delay if the plea is sustained.

It has been repeatedly held, since the adoption of *The Code,* that an appeal lies from a judgment sustaining or overruling a plea in bar and that no reference should be ordered until the plea is finally determined. *Railroad* v. *Morrison,* 82 N. C., 141, 143 ; *Neal* v. *Becknell,* 85 N. C., 299, 302; *Leak* v. *Covington,* 95 N. C., 193, 195 ; *Clement* v. *Rogers,* 95 N. C., 248. Where a matter pleaded in bar is an estoppel was discussed in *Rogers* v. *Ratcliff,* 3 Jones, 225 ; *Armfield* v. *Moore,* Busbee, 157, and *Williams* v. *Clouse,* 91 N. C., 322. If the record is uncertain and anything be left to conjecture and is not explained by proof, the judgment as evidenced is no estoppel. *Jones* v. *Beaman,* 117 N. C., 259.

Upon examination of the record of the clerk, offered as proof of the special plea, we think it was insufficient to support it, and that his Honor's conclusion thereon was erroneous.

It is true that persons may voluntarily come before any court and enter into agreements and cause their agreements to be entered of record as judgments of the court and they are as effectually bound thereby as by any other judgment, but this must be done by consent.

In the present case the meetings in December, 1894, were voluntary and not by any process known to law. Nothing was debated except the propriety of allowing commissions on certain items in the account about which no agreement was had. That the matter should stand continued to some date to be agreed upon by the parties, which date was never agreed on, and plaintiff pursued the subject no further.

We think that the issuance of the summons in this action and the service of the same on defendant, before the judg-

ment of the clerk, was notice that plaintiff had abandoned the conference meetings and that he elected to seek his remedy as prescribed by *The Code.*

We think, also, that the notice issued by the clerk on February 23 had no efficacy, and that the judgment entered by the clerk on March 13, in the absence of the plaintiff or his attorneys, was without authority.

What would have been the effect if the parties had been present before the clerk and judgment had been entered without objection or appeal, we need not consider, as the record sent to this Court does not present that question.

Reversed.