JAMES B. GOODE and Wife, ELIZABETH R. GOODE; JOSEPH M.
ROGERS, MARTHA O. ROGERS, JOHN T. ELDRIDGE and
Wife, MILDRED A. ELDRIDGE; and WILLIAM J.
ROGERS v. JESSE V. ROGERS.

(Decided February 27, 1900.)

*Partition of Realty—Owelty—Questions of Fact—Issues of
Fact—Payment, Statute of Limitations, Counterclaim
—Premature Appeal.*

1. Where proceedings for partition of realty were prosecuted to final
decree in 1876, confirming the allotment in severalty among
those entitled, and assessing owelty upon the more valuable
share in favor of the less valuable to secure equality in parti-
tion, and notice is issued, in 1899, to the owners of the more
valuable share to show cause why execution should not issue for
the sums assessed, to which they set up the defense of payment,
statute of limitations, and counterclaim—these pleas are not
*questions* of fact for the Court, but *issues* of fact for the jury.

2. An appeal from the ruling of his Honor, directing the cause to be
placed upon the civil issue docket for trial by jury, is premature.

SPECIAL PROCEEDING for partition of land, heard upon
appeal from the Clerk, before *Bowman, J.,* at Fall Term,
1899, of NORTHAMPTON Superior Court.

The cause had proceeded to final decree in 1879, allotting
the shares and adjudging owelty against the most valuable
share in favor of the less valuable.

This was a notice to show cause why execution should not
issue for the owelty adjudged—the answer set up the defense
of payment, statute of limitation, and counterclaim.

His Honor adjudged these were issues of fact for the
jury, and directed the cause to be placed on the civil issue
docket for trial. Petitioners excepted and appealed.

*Messrs. Winborne & Lawrence,* for appellant.
*Messrs. R. B. Peebles,* and *C. G. Peebles,* for appellees.

FAIRCLOTH, C. J.    This was an action for partition, and a final decree was entered in 1876, charging certain lots with the payment of owelty in favor of a certain lot or lots.    In 1899, the petitioners moved on notice for an execution to collect the amounts due them by said decree.    The respondents answered and pleaded payment, and the statute of limitations, etc.    On appeal to the Superior Court, his Honor was of opinion that the record and pleadings raised *issues* of fact to be tried by a jury, and so ordered.    The petitioners contended that only *questions* of fact were raised, and that they should be decided by the Court, and appealed from the order directing a jury trial.

The answer of respondents presents important questions. We are, however, not required to consider them, for the reason that the *issues* presented have not been tried below. These pleas present serious and important *issues* of fact. *McDonald v. Dickson,* 85 N. C., 250; *Isler v. Murphy,* 71 N. C., 436.

The appeal was clearly premature, and can not be entertained. *Hailey v. Gray,* 93 N. C., 195; *University v. Bank,* 92 N. C., 651.

Appeal dismissed.