H. T. MOORE, JOHN B. MOORE, W. L. MOORE AND MARY POWELL AND HUSBAND v. THE ROWLAND LUMBER COMPANY ET AL.

(Filed 10 March, 1909.)

**1. Appeal and Error—Interlocutory Order—Fragmentary Appeal.**

An appeal will not lie from an interlocutory order rendered in an action for the recovery of certain interests in timber, determinative only, under agreement of counsel, of the question of title, leaving the objections and exceptions relative to the question of damages open for future determination. The judgment should be determinative of all the matters at issue, so that the case may be considered and decided upon one appeal.

2. Judgments—Parties—Proceedings Void.

When in special proceeding, under which certain timber interests were sold by a commissioner, it does appear upon the face of the record that certain persons of age were not made parties, or that they have not appeared as such in person or by attorney, or have waived their rights, they are not bound by a judgment rendered therein, and as to them the entire proceeding is void upon its face.

3. Appeal and Error—Discretion—Verdict Set Aside.

The Supreme Court will not interfere with the exercise of discretion by the trial judge in refusing to set aside the findings of the jury as being against the weight of the evidence, except where there is a gross abuse of discretion apparent upon the record.

ACTION tried before *Lyon, J.,* and a jury, at November Term, 1908, of SAMPSON.

Action to recover an interest in certain timber on a tract of land of 1,473 acres, conveyed to defendant by Cyrus M. Faircloth, commissioner, by deed, dated 11 November, 1899, executed by virtue of a certain *ex parte* special proceeding, commenced 26 June, 1899, in the Superior Court of Sampson County, the final decree of sale being made by the clerk on 23 October, 1899.

Upon the trial these issues were submitted, without objection:

1. "Did the plaintiffs or any of them have knowledge of the sale by C. M. Faircloth, commissioner, to the defendant, and if so, which ones?" Answer: "No."

2. "Did the plaintiffs or any of them receive any part of the purchase money paid by the defendant for said timber with a knowledge of their interest and rights under the deed of trust, and if so, which ones?" Answer: "No."

3. "Have the plaintiffs or any of them ratified the sale of the timber, with a knowledge of their rights under the deed of trust?" Answer: "No."

Interlocutory judgment:

"It being agreed between counsel for plaintiffs and defendants that the question of damages should be left open for future determination, and that only such issues as affected title to the property in dispute should be submitted to the jury, and upon the incoming of the verdict, as copied in the record, it is adjudged that each of the plaintiffs, John B. Moore, H. F. Moore

and W. L. Moore, is the owner of a one-fortieth undivided interest in the lands and property described in the complaint, and that the plaintiff Mary Powell is the owner of a one-thirty-fifth interest in said property. Wherefore, it is ordered that a jury be impaneled and that they be required to pass upon the question of damages at a subsequent term of this court. The defendant does not waive or forfeit any of its objections or exceptions, or of its right of appeal.                    C. C. LYON, J."

Motion to set aside verdict as contrary to the greater weight of said evidence, and for a new trial. Motion denied. Defendants appealed.

*F. R. Cooper* for plaintiffs.
*H. A. Grady* and *Rountree & Carr* for defendants.

BROWN, J. An appeal will not lie to this Court from an interlocutory judgment of this character. The damages should have been assessed and a final judgment rendered, to the end that all assignments of error on each issue, including the issue of damage, based on exceptions taken during the trial, may be considered and determined upon one appeal.

As the parties desire to have the matter determined, we have examined the assignments of error and find nothing in the record which warrants a new trial upon the three issues already determined.

A careful examination of the special proceeding under which the timber was sold to defendant by the commissioner, Faircloth, discloses nowhere that the plaintiffs above named were made parties thereto or even referred to as such in the *ex parte* petition or in any order or decree of sale. The names of John B. Moore, Henry F. Moore and Walter L. Moore are mentioned in section 5 of the petition, but not as parties to the proceeding.

It being admitted that they were of age at the time said proceeding was commenced, it is settled that they are not bound by the decree unless they were parties to it or in some way had ratified and confirmed the sale.

Inasmuch as these plaintiffs are nowhere referred to as parties in the proceeding, judgment or decree in the special proceeding, the case cannot be brought within the principle of *Harrison v. Hargrove,* 120 N. C., 97. .

The court acquired no jurisdiction over these plaintiffs as parties, nor was there any appearance by counsel for them, as in *England v. Garner,* 90 N. C., 198. As to them, the entire proceeding is void upon its face. *Harrison v. Hargrove, supra.*

The matters presented by the three issues are purely of fact, upon which there was conflicting evidence, and we find no error in his Honor's charge upon them. As to the exception to his Honor's refusal to set aside the findings of the jury as being against the weight of the evidence, we have frequently said that this court will not interfere, except where there is a gross abuse of discretion apparent in the record.

No Error.