## G. T. RICHARDSON v. SOUTHERN EXPRESS COMPANY.

(Filed 29 September, 1909.)

### Appeal and Error—Fragmentary Appeal—Appeal Dismissed.

An appeal from a judgment on an agreement that if negligence on certain issues be found for plaintiff a referee shall be appointed to assess the damages, is premature and will be dismissed, when the issues are thus found but the amount of damages has not been ascertained or adjudged; and this rule is adhered to in this case, though both parties request a decision.

APPEAL from Cooke, J., May Term, 1909, of CRAVEN.

The plaintiff sued the defendant in the Superior Court to recover $120 damages to forty-three crates of strawberries, and alleged: "4. That the defendant company negligently failed to have a messenger or other agent at said point (Clark's Station, on the Atlantic and North Carolina Railroad, where a branch road runs to Richlands) to receive said berries, and negligently and wrongfully, in breach of said contract, aforesaid, failed to receive said berries for shipment, and a part of said berries were badly damaged and became a total loss," etc. The defendant denied its liability to the plaintiff, and alleged that the Superior Court had no original jurisdiction. Without objection, and as determinative of the matters involved, the following issues were submitted, with the following stipulation, signed by counsel for plaintiff and defendant:

"It is hereby stipulated and agreed that the following issues may be first tried and determined, to-wit:

"1. Did plaintiff and defendant contract as alleged? Answer.

"2. Did plaintiff perform the contract on his part? Answer.

"3. Did defendant wrongfully and negligently break said contract, as alleged? Answer.

If these three issues shall be answered in favor of the plaintiff, then the question of damages may be referred to some person agreed upon by the parties or their counsel, if they can agree; if not, then to some person to be appointed by the court."

The following judgment was signed upon the verdict:

"This cause coming on to be heard before his Honor, C. M. Cooke, Judge, and a jury, and it appearing to the court that the parties hereby stipulated and agreed that the jury might answer the following issues, to-wit:

"1. Did plaintiff and defendant contract as alleged?

"2. Did plaintiff perform the contract as alleged?

"3. Did defendant wrongfully and negligently break said contract, as alleged?

"And if the jury should answer these issues in favor of the plaintiff, the question of damages should be referred to some person agreed upon by the parties, if they could agree; if not, then to some person to be appointed by the court.

"And the jury having answered the first issue 'Yes,' the second issue 'Yes,' and the third issue 'Yes,' and the parties having agreed upon  .  .  .  referee to ascertain the damage:

"It is now considered and adjudged that plaintiff is entitled to recover damages from defendant, and that Thomas D. Warren is appointed referee to hear the evidence as to damage and report his findings of fact and conclusions of law thereon to the court.

"It is further adjudged that plaintiff recover his costs. And this cause is retained."

The defendant excepted and appealed.

*D. L. Ward* and *E. M. Green* for plaintiff.
*W. D. McIver* for defendant.

MANNING, J., after stating the case: Under the decision of this Court in *Moore v. Lumber Co.,* 150 N. C., 261, this appeal must be dismissed, for an appeal will not lie from an interlocutory or a partial judgment of this character. The damages should have been assessed either by the jury or by the referee appointed by the court. If by the referee, he should have reported to the court, when a final judgment should have been rendered, and from which the defendant, having entered and reserved his exceptions taken during the trial, could have prosecuted its appeal. This Court has uniformly enforced this rule of practice. *Rogerson v. Lumber Co.,* 136 N. C., 266. While the counsel of both parties expressed their desire that this Court should pass upon the other questions presented by this appeal, we prefer to adhere to the rule enunciated in *Hinton v. Ins. Co.,* 116 N. C., 22, and *Milling Co. v. Finlay,* 110 N. C., 411, to pass only upon the questions decisive of the appeal. In this case especially do we perceive no urgent reason for departing from this rule, as none of the evidence and no part of the judge's charge is sent up, and we cannot see how fully the facts upon which the other question presented to us depends were developed. Upon the authority cited, the appeal is dismissed as premature.

Appeal dismissed.