INTERNATIONAL WASTE COMPANY v. BLOOMFIELD MANUFACTURING COMPANY.

(Filed 2 December, 1914.)

**Appeal and Error — Fragmentary Appeals — Appeal Dismissed — Supreme Court—Discretionary Powers.**

In an action for breach of contract for failure to deliver goods sold, where upon issues raised as to a fraudulent change of the wording of the contract by the plaintiff, the jury has found for the defendant, and the court accordingly renders judgment and refers other matters of alleged damages arising out of the contract sued on to a referee, an appeal from the judgment is fragmentary, and will be dismissed; and while the Supreme Court may, in the exercise of its discretion, pass upon the points raised and dismiss the appeal, this will be done in rare and exceptional instances.

APPEAL by plaintiff from *Adams, J.,* at August Term, 1914, of IREDELL.

Civil action, tried upon these issues:

1. Did the plaintiff and defendant sign the written contract sued on? Answer: "Yes" (by consent).

2. Did the plaintiff, after said contract was signed by the defendant, fraudulently insert therein the items "clean Egyptian comber, clean Egyptian strippings, and weave-room waste"? Answer: "Yes."

The court rendered judgment as follows: "It is, therefore, considered and adjudged by the court that the plaintiff recover nothing on account of the alleged damage for the nondelivery of clean Egyptian comber, clean Egyptian strippings, and weave-room waste.

"It is further considered and adjudged that all matters of controversy growing out of the contract aforesaid between the plaintiff and the defendant by the alleged nondelivery of other articles mentioned in the contract aforesaid be and the same are hereby referred to G. A. Morrow as referee, who will hear the evidence of the parties to the action, take and state an account, and make his findings both of law and of facts thereon, and report the same to the next term of this court."

The plaintiff moved for a new trial for errors committed by the court to be stated in the case on appeal. The motion was denied. Exception by the plaintiff. Judgment for the defendant, as set out in the record.

*W. D. Turner, Jerome & Price for plaintiff.*
*L. C. Caldwell for defendant.*

PER CURIAM. The appeal in this case is premature, and this Court has held in many cases that premature appeals will be dismissed. There are cases in which the Court in the exercise of a sound discretion has passed on the points raised by the appeal, notwithstanding it was premature, but nevertheless has dismissed the appeal.

In the case at bar we do not think it proper to exercise that discretion. It is very rare that this Court will consent to take up an appeal by piecemeal. The plaintiff should have noted its exception, as it did to the judgment of the court; made up the case on appeal, presenting its several exceptions taken on the trial, as has been done; and then, after the referee has made his report and that has been passed on and the final judgment rendered, an appeal may be taken to this Court from such final judgment.

It appears in this record that the alleged cause of action is a breach of contract in a failure upon the part of the defendant to deliver, not only the Egyptian comber, Egyptian strippings, and weave-room waste, but also to deliver the other grades of cotton set out in the contract. It appears that the matter to be considered by the referee relating to the "other articles" mentioned in the judgment has not been determined.

The cause will be remanded, to the end that the reference be taken and a final judgment rendered, from which the appeal may be taken to this Court.

Appeal dismissed.