CLARK, C.J., dissenting with opinion; HOKE, J., dissenting.
The clerk held that issues of fact were raised by the pleadings which should be passed on by a jury, and transferred the proceeding to civil issue docket for trial at term. The respondents excepted to said order and appealed to the judge. The appeal came on to be heard in BUNCOMBE County before his Honor, Judge Stacy.
Upon the hearing of the appeal the judge affirmed the order of the clerk. From the order affirming the clerk the respondents appealed to this Court.
Petitioner, as executor of Mrs. S. J. Dulin, filed a petition before the clerk, to which C. G. Bailey and others are made respondents, alleging that W. A. Bailey died in 1914, domiciled in Buncombe County, leaving a last will devising his estate, consisting of real and personal property, to Mrs. S. J. Dulin and others; that respondents concealed said will and have conspired to prevent the distribution of the estate as in said will provided. Petitioners pray that a citation issue requiring respondents to appear before the clerk and produce the said will, to the end that the same may be thereafter offered for probate.
The respondents appeared and answered in writing and under oath. They denied that W. A. Bailey was domiciled in Buncombe County at his death and denied specifically that they had any will of his in their possession. They averred that said Bailey left only one will that they ever knew or heard of, and that had been duly probated in common form and again in solemn form on Davie County, North Carolina, (39) where said Bailey was domiciled at his death, and letters testamentary issued thereon. They further aver that the original will is not in the possession or under the control of either of *Page 41 
respondents, but is in the official custody of the Clerk of the Superior Court of Davie County.
Upon the coming in of this answer and on the return day of the citation, 4 December, 1917, no motion was made to examine respondents and no evidence was introduced by petitioner for purpose of showing that respondents concealed any will or had it in their possession.
We are of opinion that this is a proceeding under Revisal, 3124, to compel the production of a will which has never been offered for probate, and that no issues arise upon the petition and answer to be submitted to a jury.
On the return day of the citation to show cause, the respondents answered, under oath, fully, and denied the possession or control of any will of W. A. Bailey. Their answer is as full and explicit as it is possible to make it. The petitioner offered no evidence and did not ask to examine respondents. It was, therefore, the duty of the clerk to discharge the rule against respondents at cost of petitioner. On the appeal the judge should have reversed the clerk and ordered that respondents be discharged. It is true the motion was to dismiss the proceeding when technically it should have been to discharge the respondents, but we treat it as the latter. The record shows that while the clerk decided to transfer the cause to the civil issue docket as upon issues of fact raised, the respondents appealed to the judge from such order, and it was from the judgment of the judge upon that appeal the respondents appealed to this Court.
It is conceded that an appeal from a refusal to grant a motion to dismiss an action does not generally lie. It is the duty of the party to note his exception and proceed to trial before the judge and jury. But this is neither a civil action or special proceeding. It is a proceeding under the statute to discover a secreted will in order that it may be probated, and no issues of fact were raised triable by a jury. When these respondents answered under oath, denying possession or knowledge of any such will except the one in the clerk's office in Davie, they were entitled to their discharge, as petitioners offered no evidence whatever to contradict them, and did not even ask to examine them. It is so ordered.
Reversed.