### CITY OF GOLDSBORO v. THOMAS H. HOLMES.

(Filed 22 March, 1922.)

**Appeal and Error—Fragmentary Appeal—Dismissal—Cities and Towns—Condemnation.**

Where commissioners appointed to assess damages to land for appropriation for the purposes of a street make report, to which no exceptions are filed, and after the time for filing exceptions expires, the clerk, on motion of petitioner, renders judgment of nonsuit, which is reversed by the judge in term, an appeal by the petitioner is premature and fragmentary, and will not be entertained.

APPEAL by plaintiff from *Cranmer, J.,* at the August Term, 1921, of WAYNE.

OIL CO. *v.* BANKS.

On 17 November, 1919, the plaintiff made an order for the extension of Ash Street, and thereafter instituted a proceeding for the condemnation of the defendant's property. On 26 November, 1920, the clerk made an order condemning a strip of the defendant's land 50 by 420 feet, and appointed three commissioners to appraise the land and the benefits. On 24 January, 1921, the commissioners made report, assessing the defendant's damages at $35,000, and finding no special benefits. To this report no exceptions were filed. On 7 March, 1921, without notice to defendant, the clerk, at the instance of the plaintiff, signed a judgment of nonsuit; and a few days afterward, upon learning of this judgment, the defendant made a motion before the clerk to set it aside. The motion was denied, and upon appeal his Honor reversed the judgment signed by the clerk. From his Honor's judgment the plaintiff appealed. The plaintiff has not paid the damages assessed, nor taken possession of the land.

*D. C. Humphrey, E. M. Land, and Dickerson & Freeman for plaintiff.*
*Langston, Allen & Taylor for defendant.*

ADAMS, J. The record presents an interesting and important question, but we are precluded from giving it consideration at this time. His Honor's order was interlocutory, not final. The trial should determine all matters at issue, so that a final judgment may be rendered. An appeal that is fragmentary will not be entertained. In addition, we have repeatedly held that no appeal lies from a refusal to dismiss an action or proceeding. *Capps v. R. R.,* 182 N. C., 758; *Farr v. Lumber Co., ibid.,* 725; *Cement Co. v. Phillips, ibid.,* 438. The appeal, therefore, must be dismissed.

Appeal dismissed.