L. HARVEY AND SONS COMPANY, INCORPORATED, v. G. M. ROUSE AND LILY G. ROUSE, HIS WIFE.

(Filed 12 October, 1932.)

1. **Judgments L b—Decree of foreclosure estops mortgagor from thereafter attacking validity of mortgage.**

A decree of foreclosure of a mortgage estops the parties as to all matters embraced therein, and where the mortgagor has failed to file answer or resist foreclosure he may not thereafter attack the validity of the mortgage for improper execution in a suit by the purchaser at the foreclosure sale to reform the instrument for mutual mistake in the description of the mortgaged premises.

2. **Reformation of Instruments C d—Judgment roll and quitclaim deed held to constitute admissions sufficient to take case to jury.**

In this case certain land was conveyed by deed which omitted description of one of the boundaries, and the grantee later accepted a quitclaim deed reciting and correcting the error. The grantee thereafter mortgaged the land by deed containing the same description as the original deed. The mortgage was foreclosed by suit in which a verified complaint was filed alleging the number of acres conveyed and that there was a prior mortgage thereon. The prior mortgage correctly described the property. The mortgagor filed no answer and did not resist the decree of foreclosure, and the land was bought in at the commissioner's sale by the mortgagee. Thereafter the mortgagee, the purchaser at the sale, brought suit to reform his deed for mutual mistake in describing the boundaries: *Held*, the contention of the mortgagor that there was no sufficient evidence of mutual mistake cannot be sustained, the acceptance by him of the quitclaim deed being an admission of error, and his failure to answer the verified complaint in the foreclosure proceedings being an admission of the matters therein alleged in regard to the acreage and the prior mortgage, and a directed verdict on the issue in plaintiff's favor was justified under the evidence.

3. **Evidence F e—Failure to answer verified complaint is admission of its contents.**

Where the complaint is verified the failure of the defendant to file answer is an admission of its contents, and the defendant is affected with notice of all proceedings pending the trial.

HARVEY AND CO. *v.* ROUSE.

**4. Reformation of Instruments B b—Equitable relief of reformation of foreclosure deed held not dependent upon new foreclosure.**

Where the mortgagee buys in the mortgaged property at the foreclosure sale by the commissioner under decree of court, and sues the mortgagor to reform the instrument for mutual mistake of the parties in describing the property in the mortgage deed, the mortgagor's contention that the mortgagee was entitled to the relief sought only upon condition of a new foreclosure cannot be sustained, the mortgagor and mortgagée being the only parties interested and the evidence clearly establishing the fact that the description was defective through mutual mistake.

APPEAL by defendants from *Sinclair, J.,* at February Term, 1932, of LENOIR. No error.

This is a suit to correct the description of two tracts of land in a mortgage executed by the defendants to the plaintiff and in a deed executed to the plaintiff by a commissioner appointed in foreclosure proceedings.

On 25 November, 1912, R. T. Creech and Ora Creech, his wife, conveyed to the defendants two tracts of land. It was afterwards discovered that in each description one boundary line had been inadvertently omitted, and on 6 May, 1920, Creech and his wife executed and delivered to the defendants another deed without warranty containing the correct boundaries, with a clause stating that an error had been made in describing the two tracts conveyed by the first deed. The lines left out of the two tracts in the first deed and included in the second are respectively, "thence S. 44 E. 60 poles to a stake on the public road," and "thence 37 W. 90 poles to a stake"; that is, one line was left out of the boundaries of each tract.

On 13 May, 1921, more than a year after the deed containing the correct boundaries had been executed, the defendants made three promissory notes payable to the plaintiff, each in the sum of $923.55, and at the same time and as a part of the same transaction executed and delivered to the plaintiff a mortgage on the two tracts above referred to, containing the uncorrected description set out in the deed first executed by Creech and his wife.

The defendants made default in the payment of their notes, and on 22 February, 1922, the plaintiff brought suit to foreclose the mortgage. The defendants were personally served with summons and a copy of the complaint, but they filed no answer and made no objection to the foreclosure. The court gave judgment for the amount due on the notes and ordered a sale of the land by a commissioner. The plaintiff purchased the land, the court confirmed the sale, and on 28 June, 1926, the commissioner conveyed the land to the plaintiff, filed his account, and was discharged.

The plaintiff went into possession of the land, and on 20 September, 1929, finding that the description in the mortgage, the judgment, and the commissioner's deed had been .taken from the first of the Creech deeds, leaving out one line in each tract, brought suit to have the correction made for mutual mistake of the parties or the mistake of the draftsman.

In behalf of the defendants Mrs. Rouse offered to testify that she signed the mortgage because C. F. Harvey, Jr., told her he would never take the land, and that she had not signed it freely and voluntarily.

G. M. Rouse proposed to testify that before the suit for foreclosure was brought he had offered to turn the property over to the plaintiff for the collection of the rents and that the plaintiff since going into possession under the commissioner's deed had derived certain profits from the land, for which it ought to account. Similar testimony was offered by another witness. All this was excluded.

The issues and answer are as follows: Was it the intent of the plaintiff and defendants that the mortgage deed executed by the defendants to the plaintiff, recorded in Book 61, page 603, registry of Lenoir County, should convey same land with same description as described in quit-claim deed to the defendants recorded in Book 66, page 522, registry of Lenoir County? Answer: Yes.

Judgment for plaintiff; appeal by defendants upon exceptions.

*Rouse & Rouse for appellants.*
*Wallace & White and Dawson & Jones for appellee.*

ADAMS, J. When the plaintiff brought suit to foreclose the mortgage, the defendants had every needful opportunity to make any defense against a decree. They declined to resist for the reason no doubt that, according to all the evidence, they had no available defense at law or in equity. They neither filed an answer, nor denied the debt, nor excepted to the judgment. They are consequently estopped from setting up any defense which was open to them on the former trial. The proposed evidence could then have been offered.

It is a familiar maxim that a man shall not be twice vexed for the same cause. If a final judgment or decree is rendered the parties cannot again be heard upon any matter which was then litigated and determined, the controversy having passed *in rem judicatam* and become conclusive between the parties. *Bunker v. Bunker,* 140 N. C., 18; *White v. Tayloe,* 153 N. C., 29. The action is not a collateral attack upon the judgment but a suit in equity to reform the papers and to make them what the parties intended them to be.

In their contention that there is no evidence of mutual mistake or mistake by the draftsman the defendants, we think, are in error. Their acceptance of the second deed, or "quit-claim," executed by Creech and his wife with its recital of an error in the description set out in their former deed, was an admission of the error and of its correction. The correct description is embraced in the deed of trust executed by the defendants to the Virginia Trust Company, and in the complaint, a copy of which was served on each of the defendants and which in the trial of this cause was introduced in evidence as a part of the judgment roll, the plaintiff alleged that the deed of trust to the Virginia Trust Company was a lien on the land prior to the mortgage given by the defendants to the plaintiff. This is repeated in the judgment of foreclosure and in the decree of confirmation.

The complaint was verified; the failure to answer was an admission of its contents; and the defendants were affected with notice of all proceedings pending the trial. In all the deeds and in the plaintiff's mortgage the tracts of land are described as containing respectively 76 and 25 acres. The plaintiff went into possession of the land under the commissioner's deed in 1923 and the defendants made no complaint until the present suit was begun. There is unquestioned evidence of mistake and none in rebuttal. The defendants, therefore, were not entitled to judgment of nonsuit.

Furthermore, the court was justified in instructing the jury to answer the issue in the affirmative if they found the facts to be as shown by all the evidence. In response to the question whether the court should write the answer the "jury signified, yes, sir"; and then upon a poll taken each juror gave the same answer. This was the only issue raised by the evidence, and this the only instruction consistent with the proof.

We cannot assent to the proposition that upon the facts of this case the plaintiff is entitled to equitable relief only on condition of a new foreclosure. We are not now concerned with the rights of innocent purchasers. *Dameron v. Lumber Co.,* 161 N. C., 495. The only parties interested are the mortgagors and the mortgagee, and as between them it would be inequitable to deny relief when all the evidence clearly points to the fact that owing to mistake the parties did not consummate the contract they intended to make. *Butler v. Durham,* 38 N. C., 589; *Durant v. Crowell,* 97 N. C., 367; *Sills v. Ford,* 171 N. C., 733; *Bank v. Redwine, ibid.,* 559; *Roberts v. Massey,* 185 N. C., 164; *Gray v. Mewborn,* 194 N. C., 348.

After considering all the exceptions in the appellants' brief we find
No error.