MAX YERYS v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 23 September, 1936.)

**1. Insurance E b—**

Where a disability clause in a policy of life insurance is subject to the incontestable clause of the policy, insurer may not set up the defense of invalidity in a suit on the disability clause instituted after the time stipulated in the incontestable clause.

**2. Judgments L b—Federal judgment held to bar plaintiff from setting up in State court matters presented in the suit in Federal court.**

Final judgment of the Federal court dismissing plaintiff insurer's suit to have the policies of insurance in question canceled for fraud and the disability provisions therein stricken out, and to recover disability benefits already paid, constitute a bar to plaintiff's right to set up such matters in insured's action instituted in a state court on the disability clauses of the policies.

**3. Insurance E b—**

An incontestable clause in a policy of insurance made applicable to the disability provisions of the policy does not prevent insurer from setting up the defense that the disability sued on is not covered by the provisions of the disability clause, or that the claim for disability is not genuine.

**4. Appeal and Error A d—**

An appeal from a judgment sustaining a plea in bar is not premature.

APPEAL by defendant from *McElroy, J.,* at April Term, 1936, of BUNCOMBE.

Civil action to recover on total and permanent disability clauses in two contracts of insurance.

On 23 May, 1927, and again on 22 June, 1927, upon the payment of the first annual premiums, the defendant issued to the plaintiff a $5,000 life insurance policy, each providing for disability in case of total and permanent disability, "provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the insured's age at nearest birthday is sixty."

On the face of each policy is an incontestable clause in the following language:

"*Incontestability:*—This policy shall be incontestable after two years from its date of issue except for nonpayment of premiums and except as to provisions and conditions relating to disability and double indemnity benefits."

During the spring of 1929, plaintiff made claim for total and permanent disability benefits under the policies above mentioned, which was allowed by the defendant up to and including the month of July, 1933, when the defendant notified the plaintiff that no further payments would be made, contending that proofs of claims were based upon false and fraudulent statements, which the defendant relied upon to its hurt.

This suit was instituted 26 November, 1934, to recover alleged disability benefits accruing since July, 1933, under the policies in suit.

Whereupon, on 27 December, 1934, the defendant filed a bill in equity in the United States District Court for the Western District of North Carolina, asking (1) that the policies in suit be canceled for fraud in their procurement; (2) that the provisions relating to disability and double indemnity benefits be stricken out; (3) that defendant recover amount of benefits already paid; and (4) that the plaintiff here, defendant there, be enjoined from prosecuting this action in the State court. The bill was dismissed because of the incontestable clauses contained in the policies; and this was affirmed on appeal to the Circuit Court. *New York Life Ins. Co. v. Yerys,* 80 Fed. (2d), 264.

Thereafter, the defendant filed answer in the present action, setting up the defenses of invalidity and noncoverage, and pleaded counterclaim for benefits already paid.

Plaintiff filed reply contending that defendant was barred from setting up the defenses in its answer by reason of the incontestable clauses contained in the policies and the judgment of the Federal court.

From judgment sustaining the pleas in bar and striking out defendant's "First and Second Further Defenses and Counterclaims," the defendant appeals, assigning errors.

SHELTON v. CODY.

*Joseph A. Patla and Johnston & Horner for plaintiff, appellee.*
*Johnson, Rollins & Uzzell for defendant, appellant.*

STACY, C. J., after stating the case: The defense of invalidity is not available to the defendant in the present action. *Mauney v. Ins. Co.,* 209 N. C., 499, 184 S. E., 82; *Wamboldt v. Ins. Co.,* 191 N. C., 32, 131 S. E., 395; *Hardy v. Ins. Co.,* 180 N. C., 180, 104 S. E., 166; *Amer. Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706. Neither is it entitled to be heard again on the question of reformation or cancellation, nor on the subject of its counterclaims. These matters were considered in a forum of its own choosing. They are now *res judicata. Bunker v. Bunker,* 140 N. C., 18, 52 S. E., 237; *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535; 15 R. C. L., 949, *et seq.*

"It is a familiar maxim that a man shall not be twice vexed for the same cause. If a final judgment or decree is rendered, the parties cannot again be heard upon any matter which was then litigated and determined, the controversy having passed *in rem judicatam* and become conclusive between the parties"—*Adams, J.,* in *Harvey v. Rouse,* 203 N. C., 296, 165 S. E., 714.

The two questions still open for determination are (1) coverage, and (2) genuineness of plaintiff's present claim. *Mills v. Ins. Co., ante,* 439.

The judgment below, as we understand it, is to this effect.

It is observed that the coverage clauses in the instant policies are not identical with those appearing in the *Mills case, supra.* Here, the disability must have "occurred" after the insurance took effect, while in the cited case the disability must have resulted from bodily injury or disease "occurring and originating" after the insurance became effective. However, as the issue of liability has not yet been determined, we refrain from further comment.

An appeal from a judgment sustaining a plea in bar is not regarded as premature. *Roysler v. Wright,* 118 N. C., 152, 24 S. E., 746; *Bethell v. McKinney,* 164 N. C., 71, 80 S. E., 162.

Affirmed.