R. L. JOHNSON v. PILOT LIFE INSURANCE COMPANY.

(Filed 1 March, 1939.)

**Appeal and Error § 2—Appeal from denial of motion to dismiss on ground that action was barred by statute of limitations held premature and fragmentary.**

In this action to set aside a release signed by insured and to recover on the policy of insurance, defendant insurer pleaded the release, and moved to dismiss the action on the ground that "it appears from the record, including the stipulations, that the action" to set aside the release for fraud was barred by the three-year statute of limitations, C. S., 441. Defendant insurer appealed from the order denying its motion to dismiss. *Held:* The appeal is premature and fragmentary, it appearing that the motion to dismiss was not treated as a request for a separate trial on the issue of the bar of the statute, and the appeal is not authorized by the statute, C. S., 638, and is dismissed. The distinction is pointed out between this appeal and those involving a question of jurisdiction, those in which some fatal defect appears on the face of the record, and those from the denial of a motion to strike.

APPEAL by defendant from *Ervin, Special Judge,* at September Term, 1938, of NASH.

Civil action to recover disability benefits under policy of insurance issued by defendant to plaintiff and to set aside settlement or release given by plaintiff to defendant.

The complaint alleges that a $15,000-policy of life insurance was issued to the plaintiff by the defendant on 17 March, 1926, containing provision for total and permanent disability benefits, etc.; that the plaintiff was totally and permanently disabled 20 May, 1929, as a result of an injury, broken neck, which rendered him incapable of attending to his business affairs; that in October, 1929, the defendant took advantage of plaintiff's mental condition and procured from him "by means of persuasion and undue influence" the policy in suit and undertook to settle its liability thereunder by the payment of $5,000; that the said attempted settlement and surrender of the policy in suit, under the circumstances alleged, is void and of no effect; wherefore, plaintiff prays for its reinstatement and recovery thereunder.

The defendant answering, denied any liability under the policy; pleaded the settlement of 16 October, 1929, as a complete release and discharge; and further, that the plaintiff's action to set aside the release on the ground of fraud is barred by the three-years statute of limitations.

The plea of the statute of limitations is based upon allegations to the effect that even if the plaintiff were of unsound mind on 16 October,

1929 (which is expressly denied) and continued in that condition, never-theless in March, 1933, a general guardian was appointed for the plain-tiff, who, with his counsel, made an investigation "relative to the fair-ness and adequacy of the settlement," completing the investigation in April, 1933; that the said guardian was discharged upon a finding of plaintiff's sanity on 12 December, 1933; and that this action was not begun until 28 November, 1936.

"For the purpose of motion," plaintiff's counsel filed a written stipu-lation to the effect that a guardian was appointed in March, 1933; that shortly thereafter certain information was requested of defendant "for the purpose of ascertaining whether any undue advantage was taken of the said R. L. Johnson at the time of settlement"; that the information requested was furnished in April, 1933; that in December following, the plaintiff was adjudged competent to manage his own affairs.

"Thereupon the defendant made an oral motion in open court that the action be dismissed on the ground that it appears from the record, including the stipulations, that the action is barred by the statute of limitations."

There is a reference in the judgment to "the stipulations filed by the parties," but the only stipulation appearing on the record is the one filed by counsel for plaintiff.

The motion was denied and defendant appeals, assigning as error "that the court erred in denying its motion to dismiss."

*Dan B. Bryan, Harold D. Cooley and I. T. Valentine for plaintiff, appellee.*
*Smith, Wharton & Hudgins and Battle & Winslow for defendant, appellant.*

STACY, C. J. It appears that in the Superior Court an effort was made to have the issue raised by defendant's plea of the statute of limitations, C. S., 441, "finally determined in advance of the trial" upon the complaint, answer, and "stipulations filed by the parties." To this end, the defendant sought to terminate the action by motion to dismiss, *Batson v. Laundry,* 206 N. C., 371, 174 S. E., 90, albeit the burden was on the plaintiff to show that he had brought a live claim to court. *Allsbrook v. Walston,* 212 N. C., 225, 193 S. E., 151. From a denial of the motion, the defendant appeals.

It is not clear upon what theory the motion was ruled, *i.e.,* whether the issue was finally determined or the "evidence" merely held sufficient to preclude a nonsuit. See *Dix-Downing v. White,* 206 N. C., 567, 174 S. E., 451; *Rogers v. Bailey,* 209 N. C., 849, 184 S. E., 48. Without

this knowledge, any expression of opinion might prove unwise. *Richardson v. Express Co.,* 151 N. C., 60, 65 S. E., 616. Perhaps neither side would want to risk the issue upon the record as it now stands. However this may be, it is manifest that the appeal is fragmentary or premature and must be dismissed under the uniform decisions on the subject. *Capps v. R. R.,* 182 N. C., 758, 108 S. E., 300; *Yates v. Ins. Co.,* 176 N. C., 401, 97 S. E., 209. There are other issues yet to be determined. *Joyner v. Reflector Co.,* 176 N. C., 274, 97 S. E., 44. A fragmentary appeal is one which seeks to bring up only a part of the case, leaving other parts of it unsettled. *Hinton v. Ins. Co.,* 116 N. C., 22, 21 S. E., 201; McIntosh N. C. Prac. & Proc., 776.

No appeal lies from a refusal to dismiss an action. *Goldsboro v. Holmes,* 183 N. C., 203, 111 S. E., 1; *Farr v. Lumber Co.,* 182 N. C., 725, 109 S. E., 383; *Goode v. Rogers,* 126 N. C., 62, 35 S. E., 185. In such case there is no judgment—only the refusal of a judgment. *Bradshaw v. Bank,* 172 N. C., 632, 90 S. E., 789. Of course, if the motion had been allowed and the action dismissed, the plaintiff could not have proceeded in the court below, and in that event an appeal by the plaintiff would have been in order. *Royster v. Wright,* 118 N. C., 152, 24 S. E., 746. Such a ruling would have been just the reverse of the one we are now considering. *Batson v. Laundry, supra.*

The reason no appeal lies from a refusal to dismiss is that it does not come within the purview of the statute, C. S., 638, permitting appeals. *Thomas v. Carteret County,* 180 N. C., 109, 104 S. E., 75; *Chambers v. R. R.,* 172 N. C., 555, 90 S. E., 590; *Corporation Com. v. Mfg. Co.,* 185 N. C., 17, 116 S. E., 178. Moreover, if a departure be allowed in one case, it could be insisted on in another, and each litigant, conceiving himself to be aggrieved, could appeal and thus prolong litigation until it might become intolerably burdensome. *Capps v. R. R., supra; Beck v. Bank,* 157 N. C., 105, 72 S. E., 632; *Pritchard v. Spring Co.,* 151 N. C., 249, 65 S. E., 968; *Martin v. Flippin,* 101 N. C., 452, 8 S. E., 345. See collection of authorities in opinion of *Clark, C. J.,* in *Williams v. Bailey,* 177 N. C., 37, 97 S. E., 721.

"It is only when the judgment or order appealed from in the course of the action puts an end to it, or may put an end to it, or has the effect to deprive the party complaining of some substantial right, or will seriously impair such right if the error shall not be corrected at once, and before the final hearing, that an appeal lies before final judgment." *Merrimon, J.,* in *Leak v. Covington,* 95 N. C., 193.

Again in *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794, *Connor, J.,* delivering the opinion of the Court, said: "Ordinarily, no appeal lies to this Court from an interlocutory order made in an

action pending therein by the Superior Court. An exception to the order, taken in apt time, will be considered on an appeal from the final judgment in the action, when such exception is duly presented on said appeal. If, however, an interlocutory order affects a substantial right of a party to the action, and is prejudicial to such right, he may appeal therefrom to this Court, and his appeal will be heard, and decided on its merits. *Skinner v. Carter,* 108 N. C., 106, 12 S. E., 908. If the order does not affect a substantial right of the appellant, his appeal therefrom to this Court will be dismissed. *Warren v. Stancil,* 117 N. C., 112, 23 S. E., 216; *Leak v. Covington,* 95 N. C., 194." See *Smith v. Miller,* 155 N. C., 242, 71 S. E., 353; *Cement Co. v. Phillips,* 182 N. C., 437, 109 S. E., 257; *Leroy v. Saliba, ibid.,* 757, 108 S. E., 303.

It may not be amiss to observe that we are not dealing with a jurisdictional question, *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737, nor one of estoppel, *Yerys v. Ins. Co.,* 210 N. C., 442, 187 S. E., 583, *Buchanan v. Oglesby,* 207 N. C., 149, 176 S. E., 281, nor one where some fatal defect appears on the face of the record, *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802, nor yet with a motion to strike, *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364.

We may also add that the motion to dismiss was not treated as a request for a separate trial on the issue raised by the plea in bar. Nor was it so intended. *Bethell v. McKinney,* 164 N. C., 71, 80 S. E., 162; *Royster v. Wright, supra.*

Appeal dismissed.