Proceeding before the North Carolina Utilities Commission.
The Atlantic Coast Line Railroad Company filed a petition with the North Carolina Utilities Commission for permission to close the agency at Jonesboro, N.C. The Western Union Telegraph Company filed a similar petition and agreed to be bound by the rulings of the Commission on the petition of the railroad.
At the hearing before the Utilities Commission on 18 August, 1943, permission for the town of Jonesboro and others to interveners was granted, and the answer and interplea of the interveners were filed and made a part of the record in the proceeding.
Evidence was introduced by the Railroad Company in support of its petition and by the interveners, as shippers and receivers of freight, protesting the closing of the agency.
The Utilities Commission issued an order on 16 October, 1943, authorizing the Atlantic Coast Line Railroad Company and the Western Union Telegraph Company to close their agencies at Jonesboro. The interveners, in apt time, filed exceptions, which exceptions were overruled by the Commission on 27 October, 1943. The interveners appealed and the record of the proceedings before the North Carolina Utilities Commission was duly certified to the Superior Court of Lee County, as provided by law.
On 3 November, 1943, the interveners made a motion before his Honor, Williams, J., holding the courts of the Fourth Judicial District, requesting an order of supersedeas. The motion was granted and the order signed.
The Atlantic Coast Line Railroad Company, pursuant to notice, moved before his Honor, Williams, J., at Chambers, 20 November, 1943, to set *Page 841 
aside the order of supersedeas entered on 3 November, 1943, and to dismiss the appeal of the interveners. Motion denied. From the refusal of his Honor to dismiss the appeal, the defendants, Atlantic Coast Line Railroad Company and the Western Union Telegraph Company, excepted and appealed to the Supreme Court.
The intervening appellees move to dismiss this appeal on the ground that it is premature and fragmentary, being from an order which is not a final judgment. No appeal lies from a refusal to dismiss an order or a proceeding. Johnson v. Pilot Life Ins. Co., 215 N.C. 120,1 S.E.2d 381; Stewart v. Craven, 205 N.C. 439, 171 S.E. 609; S. v. HarnettCounty Trust Co., 193 N.C. 834, 136 S.E. 732; Goldsboro v. Holmes,183 N.C. 203, 111 S.E. 1; Capps v. R. R., 182 N.C. 758, 108 S.E. 300;Farr v. Lumber Co., 182 N.C. 725, 109 S.E. 383; Bradshaw v. Bank,172 N.C. 632, 90 S.E. 749; Durham Fertilizer Co. v. Marshburn,122 N.C. 411, 29 S.E. 411.
The reasons why such an appeal is not permitted are discussed fully in the case of Johnson v. Ins. Co., supra.
We are precluded from a consideration of the question presented on the record since the order appealed from was interlocutory, not final, and affects no substantial right which may not be preserved by the exception entered and considered on appeal from the final judgment, should said judgment be adverse to the appellants.
The appeal must be dismissed.
Appeal dismissed.