D. H. PARKER v. RALPH E. HELMS, AND JILL E. HELMS, TRADING AS ERSKINE JEWELRY COMPANY; AND ERSKINE'S, INC.

(Filed 14 December, 1949.)

**1. Reference § 3—**

> Where the verdict of the jury establishes that plaintiff is entitled to commissions on the gross receipts of defendant store and a bonus on the increase of the total gross receipts over those of the same period of the preceding year, as extra compensation under his contract of employment, the ascertainment of the amount requires an examination of a long account, and the court is empowered to order a compulsory reference to determine such amount. G.S. 1-189.

**2. Same: Appeal and Error § 2—**

> An appeal from an order of compulsory reference in those instances authorized by statute is premature and will be dismissed.

APPEAL by defendants from *Coggin, Special Judge,* at the February Term, 1949, of RICHMOND.

The complaint alleges that the individual defendants, Ralph E. Helms and Jill E. Helms, trading as the Erskine Jewelry Company, operated a jewelry store in Rockingham, North Carolina, from 8 April, 1946, until 29 October, 1946; that during this period the plaintiff, D. H. Parker, served as manager of the store pursuant to a contract of employment with the individual defendants whereby they agreed to pay him "a salary of

$50.00 per week, plus a commission of 2% of the total gross receipts of said store, plus a bonus of 10% of the increase of the total gross receipts over the total gross receipts for the corresponding period of the preceding year"; that the individual defendants organized a corporation under the name of Erskine's, Incorporated, on 29 October, 1946; that the corporate defendant, Erskine's, Incorporated, "took over the ownership of the store" on 30 October, 1946, and the plaintiff acted as manager of the store for the corporate defendant from that date until 15 February, 1947, under a contract identical in terms with "the one he had had with the individual defendants"; that the total gross receipts of the store during the time the plaintiff worked for the individual defendants amounted to $28,458.41, which sum represented an increase of $10,348.38 over the gross receipts for the corresponding period of the preceding year, and the total gross receipts of the store during the time the plaintiff labored for the corporate defendant was $24,753.95, which sum represented an increase of $3,684.73 over the gross receipts for the corresponding period of the preceding year; that by reason of the premises the individual defendants became indebted to plaintiff in the sum of $1,604.00 as commission and bonus, and the corporate defendant became liable to plaintiff for $863.53 as commission and bonus; that despite repeated demands by plaintiff, the defendants have failed "to pay plaintiff the commission of 2% and the bonus of 10% as provided for in said contract"; and that the plaintiff is entitled to recover the respective debts of the defendants to him in this action.

The defendants filed a joint answer, denying liability. They admitted that plaintiff worked in the jewelry store at Rockingham during the times stated in the complaint, but they alleged that the only compensation he was to receive by virtue of his employment was a weekly salary of $50.00, which had been paid in full.

The parties offered testimony at the trial tending to sustain their respective pleadings. The court informed the parties during the course of the trial "that he would submit to the jury only the issues as to the contract, and would of his own motion refer the question of the amounts due the plaintiff, if the jury should find for the plaintiff."

In consequence, the court presented these issues to the jury: (1) Did the plaintiff and the individual defendants, Ralph E. Helms and Mrs. Jill E. Helms, enter into a contract, as alleged in the complaint? (2) If so, did the defendant corporation, Erskine's, Incorporated, adopt said contract?

The jury answered both issues in the affirmative, and the court entered an order referring "the question as to the amounts due plaintiff by the defendants" to W. S. Thomas, Esquire, as Referee on the ground "that the question of the amount due requires the examination of a long account."

The defendants excepted and appealed, assigning as error the order of reference and various rulings of the court on the trial of the two issues before the jury.

*Pittman & Pittman and Carroll & Steele for plaintiff, appellee.*

*Varser, McIntyre & Henry for defendants, appellants.*

ERVIN, J. The issues of fact arising on the pleadings in regard to the existence of contracts entitling plaintiff to compensation in addition to the weekly salary were answered by the jury in favor of the plaintiff. The verdict thus established the right of the plaintiff to an accounting in respect to the extra compensation, and the court was empowered to order a compulsory reference to hear and determine that matter by the statutory provision authorizing such action "where the trial of an issue of fact requires the examination of a long account on either side." G.S. 1-189.

The order directing the compulsory reference to state the account leaves something more to be done in the case. This being so, it is interlocutory, and not appealable. McIntosh: North Carolina Practice and Procedure in Civil Cases, section 676. The reference should proceed. After the referee has made his report, and that has been passed on, and the final judgment has been rendered, any party aggrieved by the final judgment may appeal to this Court, and then obtain a review of all exceptions noted by him at any stage of the trial. *Leroy v. Saliba,* 182 N.C. 757, 108 S.E. 303; *Waste Co. v. Mfg. Co.,* 168 N.C. 92, 83 S.E. 609; *Richardson v. Express Co.,* 151 N.C. 60, 65 S.E. 616; *Jones v. Wooten,* 137 N.C. 421, 49 S.E. 915.

This case is to be distinguished from those in which a compulsory reference is not authorized by law, 4 C.J.S., Appeal and Error, section 129; and from those in which an undetermined plea in bar precludes a reference. *Lumber Co. v. Pemberton,* 188 N.C. 532, 125 S.E. 119; *Pritchett v. Supply Co.,* 153 N.C. 344, 69 S.E. 249.

Since the appeal of the defendants is premature, it must be dismissed.

Appeal dismissed.